IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STATE OF OREGON, Acting by and through
the Director of Veterans' Affairs; et al.,

      Plaintiffs,

  v.

GERALDINE SMITH; et al.

      Defendants.

Civil No. 05-3049

FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge:

Defendant Geraldine Smith removed this action to federal court from state court on the ground of federal question jurisdiction, claiming rights arising under 42 U.S.C. § 1983 and the First, Fifth, Ninth, Tenth, and Fourteenth Amendments of the United States Constitution. In her amended notice of removal, defendant Smith adds as a basis for jurisdiction, 42 U.S.C. § 1985(3).

## DISCUSSION

The removal statute, 28 U.S.C. § 1441, provides that any civil action filed in a state court may be removed by defendant if the United States district courts have original jurisdiction over the matter. Defendant Geraldine Smith removed this action based on federal question jurisdiction, 28 U.S.C. § 1331, which provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "'[T]he

presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). It is insufficient that a federal claim is raised as a defense or as a counterclaim. Id.; Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998) (citing 14A Wright, Miller & Cooper, Federal Practice and Procedure §3722; Gully v. First Nat'l Bank, 299 U.S. 109 (1936)). The Supreme Court has stated: "For better or worse . . . , a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 11 (1983). The removal statute is strictly construed against removal jurisdiction. If there is any doubt as to the right of removal, federal jurisdiction must be rejected. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

The complaint removed in this case concerns foreclosure of a trust deed. No federal question is presented in plaintiff's complaint. Defendant Geraldine Miller's allegations of civil rights violations and conspiracy in her notice of removal and amended notice of removal, in the nature of a counterclaim, do not confer jurisdiction upon this court. Accordingly, this court lacks subject matter jurisdiction over this case and it should be remanded to state court.

## RECOMMENDATION

For the foregoing reasons, it is recommended that this matter be remanded to the Circuit Court of the State of Oregon for Curry County.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate**

2 - FINDINGS AND RECOMMENDATION

**Procedure, should not be filed until entry of the district court's judgment or appealable order.** *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections.* **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

                        DATED this _25___ day of July, 2005.

                        _____/s/_____
                        UNITED STATES MAGISTRATE JUDGE